IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ANTHONY ROBLES TELAS, § | | |
| Reg. No. 65802-180, § | | |
|     Movant, § | | |
| § | EP-11-CV-191-DB | |
| v. § | EP-06-CR-596-DB | |
| § | | |
| UNITED STATES OF AMERICA, § | | |
|     Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Movant Anthony Robles Telas's ("Telas's") *pro se* "MOTION OF WRIT OF HABEAS CORPUS UNDER . . . 28 U.S.C. § 2241" [ECF No. 192].[1] Therein, Telas challenges his conviction for conspiracy to possess with the intent to distribute 100 kilograms or more of marijuana. He alleges "the court clearly engaged in error in all pre-trial process in the failure to provide the proper and legal accusatory instruments, and the proper pre-trial proceedings, . . . resulting in a facially invalid . . . proceeding."[2] Moreover, he claims "that he is completely innocent of any crime, based on lack of jurisdiction."[3]

A sentenced prisoner may bring a petition for a writ of habeas corpus pursuant to § 2241 to challenge "the manner in which a sentence is carried out or the prison authorities' determination of its duration."[4] In the instant case, however, Telas challenges his conviction. The "primary means of collateral attack on a federal sentence" is a motion to vacate, set aside, or

---

[1] "ECF No." in this context refers to the electronic case filing number for documents docketed in EP-06-CR-596-DB.

[2] Mot. to Vacate 5.

[3] *Id.* at 2.

[4] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).

correct a sentence, pursuant to 28 U.S.C. § 2255.[5]

There is, however, a "savings clause" in § 2255 which acts as a limited exception to the general rules outlined above.[6] A federal court may consider a petition filed under § 2241 which challenges a federally imposed sentence when the petitioner establishes that the remedy under § 2255 is "inadequate or ineffective."[7] In order to meet the stringent "inadequate or ineffective" requirement, the claim must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion."[8] Thus, three issues are relevant analytically. First, there must be a Supreme Court decision with retroactive effect. Second, the Supreme Court decision must establish that the § 2241 petitioner may have been convicted of a nonexistent offense. Third, the petitioner's claim must have been precluded by established circuit law at the time of petitioner's trial, appeal or first § 2255 motion. A petitioner must prove all three elements to successfully invoke the savings clause.[9]

Here, Telas does not identify a Supreme Court decision with retroactive effect which supports his claims. Further, he does not assert established circuit law at the time he entered his

---

[5] *Id.*

[6] *See* 28 U.S.C.A. § 2255(e) (West 2011) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*") (emphasis added).

[7] *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

[8] *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

[9] *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005).

guilty plea precluded his claim. Thus, Telas does not meet the criteria required to support a claim under the savings clause of § 2255. Accordingly, the Court concludes that it should construe Telas's petition as a § 2255 motion.

The Court notes that Telas previously filed a § 2255 motion, which the Court denied, attacking the same conviction.[10] A district court lacks the jurisdiction necessary to consider a second or successive § 2255 motion unless the appropriate court of appeals first grants the movant authorization to file the motion.[11] Moreover, a court of appeals panel must first certify that the second or successive § 2255 motion contains (1) "newly discovered evidence that . . . would be sufficient to establish . . . that no reasonable factfinder would have found the movant guilty; or (2) a new rule of constitutional law, made retroactive to collateral review by the Supreme Court, that was previously unavailable."[12] These restrictions eliminate "the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel

---

[10] *See* Memorandum Order Overruling Objections and Accepting the Magistrate Judge's Report and Recommendation [ECF No. 185].

[11] *Cf. United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (explaining, in the context of a 28 U.S.C. § 2254 petition, that 28 U.S.C. § 2244(b)(3)(A) acts as a jurisdictional bar to a district court asserting jurisdiction over any successive habeas petition until a court of appeals grants the petitioner permission to file one); *see also Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999) ("[T]he district court lacked jurisdiction to construe Hooker's petition as a § 2255 motion because he had not received prior authorization from us to file a successive § 2255 motion.").

[12] 28 U.S.C.A. § 2255(h). *Cf. Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005) (explaining, in the context of a 28 U.S.C. § 2254 petition, that under 28 U.S.C. § 2244(b)(1)-(3) there are "three requirements on second or successive habeas petitions: First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3).").

first f[in]d[s] that those challenges ha[ve] some merit."[13] However, "a prisoner's application is not [necessarily a] second or successive simply because it follows an earlier federal petition."[14] An application is successive when it "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition."[15]

Telas could have raised his claims concerning pre-trial misconduct and the jurisdiction of the Court in a direct appeal or his prior § 2255 motion. The Court therefore concludes that Telas's instant motion is a successive application for relief. Before the Court may consider his claims, Telas must first obtain authorization to proceed from the Fifth Circuit Court of Appeals.[16] Because Telas has not shown the requisite authorization from the Fifth Circuit, the Court also concludes that it lacks jurisdiction to hear his claims.[17] The Court must therefore dismiss Telas's petition without prejudice to re-filing should he obtain proper approval from the Fifth Circuit.

A movant may not appeal a final order in a § 2255 proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."[18] To warrant a certificate as to claims that the

---

[13] *Key*, 205 F.3d at 774 (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

[14] *In re Cain*, 137 F.3d at 235.

[15] *Id.* See also *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (explaining a "refiled motion was not 'second or successive' because '[t]o hold otherwise would mean the dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review.'") (quoting *Stewart v. Martinez-Villareal*, 523 U.S. 637, 645 (1998)); *Barrientes v. Johnson*, 221 F.3d 741, 751 (5th Cir. 2000) (stating that when a prior petition has been dismissed without prejudice, a subsequent filing is not successive) (citing *In re Gasery*, 116 F.3d 1051, 1052 (5th Cir. 1997)); *Graham v. Johnson*, 168 F.3d 762, 774 n.7 (5th Cir. 1999) ("Under current law, however, it is clear that an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised.").

[16] 28 U.S.C.A. § 2244(b)(3)(A) (West 2011).

[17] *Key*, 205 F.3d at 774; *Hooker*, 187 F.3d at 681-82.

[18] 28 U.S.C.A. § 2253(c)(1)(B) (West 2011).

district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[19] Here, jurists of reason would agree that Telas must obtain authorization from the Fifth Circuit to proceed. Accordingly, the Court finds that it should deny Telas a certificate of appealability.[20]

Therefore, after due consideration, the Court enters the following orders:

1. The Court **DISMISSES WITHOUT PREJUDICE** Movant Anthony Robles Telas's *pro se* "MOTION OF WRIT OF HABEAS CORPUS UNDER . . . 28 U.S.C. § 2241" [ECF No. 192], which the Court construes as a second or successive motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255, for lack of jurisdiction.

2. The Court **DENIES** Movant Anthony Robles Telas a certificate of appealability.

3. The Court **DENIES** all pending motions in this cause, if any, as **MOOT**.

**SO ORDERED.**

SIGNED on this _17th_ day of **May, 2011.**

_____
DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE

---

[19] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings).

[20] *See* 28 U.S.C.A. § 2255 PROC. R. 11(a) (West 2011) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").